# EXHIBIT "A"

Mecklenburg County Clerk of Superior Court

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| COUNTY OF MECKLENBURG | SUPERIOR COURT DIVISION |

TIMOTHY W. PARKER, as
Administrator of the Estate of BETTY
ANGELA PARKER,

           Plaintiff,

v.

MYERS PARK OPCO, LLC and THE
PORTOPICCOLO GROUP, LLC,

           Defendants.

**COMPLAINT**
(Jury Trial Demanded)

NOW COMES Plaintiff, Timothy W. Parker, by and through undersigned counsel, who alleges the following causes of action against Defendants, MYERS PARK OPCO, LLC, ("Opco" or "Defendant"), and THE PORTOPICCOLO GROUP, LLC ("Portopiccolo" or "Defendant") based upon his personal knowledge and based upon information and belief as to all matters, including, *inter alia*, an investigation conducted by and through his attorneys:

## JURISDICTION AND VENUE

1. The plaintiff, Timothy W. Parker, was appointed as the Administrator of the Estate of Betty Angela Parker, deceased, by the Clerk of Superior Court in Union County, North Carolina, and is duly qualified and is now acting as Administrator of the Estate of Betty Angela Parker, in the institution of this action, pursuant to Chapter 28A of the General Statutes.

2. Plaintiff, Timothy W. Parker, Administrator of the Estate of Betty Angela Parker, is a citizen and resident of Union County, North Carolina.

3. Plaintiff's decedent, Betty Angela Parker, was at the time of her injury and death a citizen and resident of Mecklenburg County, North Carolina. Mrs. Parker, died on December

1

12, 2024, as the result of injuries sustained on December 5, 2023, from a fall on Defendants' property.

4. This action is instituted within two (2) years from the date of death of Mrs. Parker, and is brough pursuant to the wrongful death statute of North Carolina, G.S. § 28A-18-2.

5. The defendant, MYERS PARK OPCO, LLC, is a North Carolina Limited Liability Company, with a Registered Office at 6047 Tyvola Glen Circle, Suite 100, Charlotte, North Carolina, 28217.

6. The Registered Agent for MYERS PARK OPCO, LLC is Interstate Agent Services, LLC.

7. Upon information and belief, MYERS PARK OPCO is a subsidiary of and controlled by defendant THE PORTOPICCOLO GROUP, LLC.

8. The defendant, THE PORTOPICCOLO GROUP, LLC, is a New Jersey Limited Liability Company, with a Registered Office at 3000 Atrium Way, Suite 265, Mt. Laurel, New Jersey, 08054.

9. The Registered Agent for THE PORTOPICCOLO GROUP is Interstate Agent Services, LLC.

10. The acts of agents and employees of defendant are imputed to the defendant through the doctrine of *respondeat superior*.

11. This Court has personal jurisdiction over the defendant pursuant to G.S. § 1-75.4(1)(c), as the defendant is a domestic corporation.

12. Venue is proper in Mecklenburg County, as the preponderance of the acts and omissions described below took place in Mecklenburg County, North Carolina.

## FACTUAL ALLEGATIONS

13. On December 5, 2023, plaintiff's decedent, Betty Angela Parker, was a resident at Myers Park Regency Nursing Center, located at 300 Providence Road, Charlotte, North Carolina.

14. Upon information and belief, defendants are the owners and operators of Myers Park Regency Nursing Center, and were the owners and operators of the same at the time of decedent's injuries.

15. Mrs. Parker was in nursing care due to her advanced dementia, which required constant supervision and care.

16. On December 5, 2023, Mrs. Parker was unsupervised by any personnel from the center, when she entered the dining room of the facility.

17. Upon information and belief, Mrs. Parker tripped and fell in front of the hearth of the fireplace in the dining room of the facility.

18. At the time of Mrs. Parker's fall, there was no type of guard in front of the fireplace or hearth.

19. At the time of Mrs. Parker's fall, there was no padding on the hearth or floor near the hearth.

20. After falling, Mrs. Parker's impacted with the hearth, causing serious injury to her head and spine, including four fractures in her skull, and a fractured vertebrae in her neck, as well as a ruptured artery in her neck, and a fractured fibula.

21. After being discovered by staff, Mrs. Parker was transported by ambulance to CMC Atrium Health Main Hospital, in Charlotte, North Carolina.

22. Staff then called Plaintiff, Mrs. Parker's husband, to notify him of her injury.

23. After receiving treatment at CMC Main hospital, Mrs. Parker was transferred to Atrium Health Hospice of Union County, on or about the 7th of December, 2023.

3

24. As a result of the injuries she suffered due to her fall, Mrs. Parker died away on December 12, 2023.

25. At the time of her death, Mrs. Parker was possessed of a negligence claim against the Defendants.

## FIRST CAUSE OF ACTION
### Negligence

26. Plaintiff incorporates and re-alleges all prior paragraphs, as though they were restated herein.

27. Defendants were on notice that Mrs. Parker had advanced dementia, and required constant supervision and care.

28. Defendants owed a duty to their residents, including Mrs. Parker, to provide adequate and appropriate custodial care and supervision, which a reasonable person would provide under similar circumstances.

29. Defendants employees owed a duty to residents, including Mrs. Parker, to exercise reasonable care in supervising residents, including decedent, and ensuring that residents are kept out of areas that are dangerous to them.

30. Defendants, through the actions of its employees, breached this duty by failing to deliver appropriate custodial care and supervision to ensure that Mrs. Parker was in a safe and appropriate environment, and did not have access to dangerous areas at the facility, and by failing to prevent the alleged injuries and damages to the decedent.

31. A reasonably careful nursing home operation (including the organizational parent companies with knowledge and control over their operations) would foresee that the failure to provide the ordinary care listed above would result in the devastating injuries which occurred to Mrs. Parker.

32. As a direct and proximate result of Defendants negligence, Mrs. Parker suffered damages and injuries as previously alleged.

## SECOND CAUSE OF ACTION
### Wrongful Death

33. Plaintiff incorporates and re-alleges all prior paragraphs, as though they were restated herein.

34. As a direct and proximate result of the negligence of the Defendants as set forth previously, Mrs. Parker suffered severe injuries and harm that led to her death.

35. As a direct and proximate result of the death of Mrs. Parker, Plaintiff and next of kin have been deprived of the care, assistance, society, and kindly offices of decedent.

36. As a direct and proximate result of the negligence of Defendants and the ultimate death of Mrs. Parker caused thereby, decedent's estate incurred medical expenses, other out of pocket expenses, and funeral expenses.

37. Pursuant to the Wrongful Death statute in North Carolina, N.C. Gen. Stat. § 28A-18.2, and other applicable statutes in effect on the date of decedent's death, demand is made for damages caused by the unlawful and wrongful death of Betty Angela Parker as previously alleged, and is set forth in detail in N.C. Gen. Stat. § 28A-18.2, to which reference is made and including the following:

38. Hospital, medical, and ambulance expenses incident to the deadly injuries of Betty Angela Parker.

39. Compensation for the pain and suffering of Betty Angela Parker.

40. The reasonable funeral expenses of Betty Angela Parker.

41. The services, protection, care, and assistance of Betty Angela Parker, whether voluntary or obligatory to the persons entitled to the damages recovered.

5

42. The society, companionship, comfort and kindly offices of Betty Angela Parker to the persons entitled to the damages recovered.

43. By reason of the wrongful death of Mrs. Parker, Plaintiff has been damaged and is entitled to recover of the Defendants a lump sum sufficient to compensate the estate of Mrs. Parker for the present monetary value of Mrs. Parker to her family, and for her services, protection, care and assistance, society, companionship, security, comfort and kindly offices to her next of kin and for funeral, hospital and medical expenses, all in an amount to be determined by a Jury, but in any event an amount in excess of Twenty Five Thousand Dollars ($25,000.00).

44. The acts and omissions of Defendants as alleged previously herein were reckless and/or willful and/or wanton; and were performed in conscious disregard of and indifference to the rights and safety of Betty Angela Parker. Defendants knew or should have known that the above acts or failures to act were reasonably likely to result in severe physical and/or mental suffering, as well as the to the other injuries and damages of Mrs. Parker alleged previously herein.

45. The officers, directors, or managers of the defendants participated in or condoned the aggravating conduct supporting punitive damages in this case.

46. Defendants' conscious disregard for, and encouragement of, understaffing at Facility, as more specifically alleged previously herein. Plaintiff alleges specifically, but not exclusively, that the conduct of Defendants supporting punitive damages includes:

   a. Understaffing of the Facility, and management's role in causing or ratifying the continuous understaffing of the Facility despite the risk of harm to residents.

6

b. Defendants' knowledge that this understaffing would result in serious harm to Facility residents, including Mrs. Parker, as more specifically alleged previously herein.

c. Defendants' pursuit of monetary gain via a calculated plan to understaff and/or continue understaffing at the Facility, despite the dangers to Defendants' residents at that facility.

d. The widespread nature of this pattern and/or practice of understaffing at Defendants' facility created a dangerous atmosphere for patients/residents in Defendants' care at Defendants' facility, and over a substantial period of time.

47. Defendants' officers, directors, managers and managing agents at all relevant times knew, or in the exercise of ordinary care should have known, about the understaffing problem at Facility, and failed to take action to correct the problem; instead ignoring this dangerous problem, and continuing to drain money/assets away from the Facility where Mrs. Parker was located, and ultimately into the accounts of those other persons and businesses controlling its nursing home operations. The resources drained away from the Facility could have been, and should have been, used to increase staffing levels.

48. On information and belief, Defendants continue to engage in practices similar to those which injured and killed Mrs. Parker, including, but not limited to, understaffing the Facility, and failing to secure dangerous areas from being accessed by residents.

49. As a direct and proximate result of Defendants' reckless, willful and wanton conduct, Mrs. Parker suffered the damages and injuries previously alleged herein.

50. Plaintiff is therefore entitled to punitive damages in an amount sufficient to deter Defendants and others similarly situated from engaging in such outrageous behavior, an amount that is, on information and belief, in excess of Twenty-Five Thousand Dollars ($25,000.00).

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial of all claims and matters set forth herein.

## PRAYER FOR RELIEF

For the foregoing reasons, Plaintiff respectfully prays that this Honorable Court grants the following relief:

1. Compensatory, consequential damages in excess of Twenty-Five Thousand Dollars ($ 25,000.00);
2. The costs of this action, including reasonable attorney fees and interest as provided by law;
3. Punitive damages, in an amount to be determined by the trier of fact;
4. Trial by jury; and
5. For such other, further, and different relief as the court may deem just and proper.

This the 25th day of March, 2024.

SEIFERFLATOW, PLLC

By: *[signature]*

**David W. Capper**
N.C. State Bar No. 59011
david@seiferflatow.com

By: *[signature]*

**Mathew E. Flatow**
N.C. State Bar No. 35282

8

mathew@seiferflatow.com
2319 Crescent Avenue
Charlotte, North Carolina 28207
P: (704) 512-0606
F: (704)314-0677
*Attorneys for Plaintiff*

9